IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RON PERRIOTT (TDCJ No. 397549), Petitioner, V. WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § § § § § § § § | No. 3:14-cv-3681-P-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Ron Perriott, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be dismissed on limitations grounds pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

In 1985, Petitioner was convicted of murder in Dallas County and sentenced to life imprisonment. *See State v. Perriott*, F84-84710-VM (194 th Judicial Dist. Ct.); *see also* Dkt. No. 3 at 2. His conviction and sentence were affirmed on February 19, 1986. *See State v. Perriott*, 05-85-00530-CR (Tex. App. – Dallas Feb. 19, 1986, no pet.); *see also* Dkt. No. 3 at 3.

Through his application, Petitioner also provides that, although he did not file a petition for discretionary review, he did file a state habeas application, but that

application was not filed until April 19, 2011. *See* Dkt. No. 3 at 3-4. Petitioner reports that the Texas Court of Criminal Appeals denied this application on September 25, 2013. *See id.* at 4. But that denial date is associated with an order in a mandamus action related to the state habeas trial court's alleged failure to forward Petitioner's state habeas application to the Court of Criminal Appeals. *See Ex parte Perriott*, WR 79,872-01 (Tex. Crim. App. Sept. 25, 2013).

While it does not affect the limitations issue in this case, the Court of Criminal Appeals denied Petitioner leave to file a writ of mandamus, and also denied his state habeas application without written order, on January 15, 2014. *See Ex parte Perriott*, WR 79,872-01 & WR 79,872-02 (Tex. Crim. App. Jan. 15, 2014).

Petitioner declares that he placed the federal habeas application now before the Court in the prison mail on September 24, 2014. *See* Dkt. No. 3 at 42.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

**Analysis**

Petitioner's conviction and sentence were affirmed on direct appeal on February 19, 1986. Because Petitioner did not file a petition for discretionary review, his conviction became final for limitations purposes on March 21, 1998, 30 days after the state appeals court rendered its judgment. *See* TEX. R. APP. P. 68.2(a).

The AEDPA and its one-year limitation period became effective when it was signed into law on April 24, 1996. *See United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). The Fifth Circuit has therefore allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d

1000, 1006 (5th Cir. 1998); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997).

The AEDPA's statute of limitation started to run on April 24, 1996, when the AEDPA was signed into law, and that limitations period was not tolled during the pendency of Petitioner's state habeas petition because that application was filed almost 14 years after the limitations period had run. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

Absent tolling of the limitations period, Petitioner's federal habeas application, filed September 24, 2014, is therefore untimely by more than 17 years.

Petitioner does not attempt to excuse this delay (or assert "actual innocence"). Instead, under the heading "Timeliness of Petition," *see* Dkt. No. 3 at 42, Petitioner merely states when he placed the federal habeas application into the prison mail system.

Without proof of actual innocence or a basis for equitable or statutory tolling, Petitioner's writ must be dismissed as untimely.

### Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE